Lyon *v.* Williamson.

JEFFERSON B. LYON *versus* NATHANIEL H. WILLIAMSON *& al.*

The report of a case by a Judge of the District Court, " presenting the legal points for decision" of the Supreme Judicial Court, under stat. 1845, c. 172, must be drawn up with the consent of the parties thereto. The facts stated in the report become by agreement the facts upon which the case is to be decided, and no other facts can be disclosed to this Court. Even the writ and pleadings, unless made a part of the case, cannot be examined for the purpose of influencing the Court.

To enable the plaintiff to maintain an action upon a promissory note, made payable at a particular time and place, it is not necessary to aver and prove its presentment at the time and place named therein. If the maker was there, prepared to pay it, that is matter of defence to be pleaded and established by him.

Although the maker was at the place of payment, at the time named, prepared to make payment of the note, and the holder was not there to receive the money, yet if he subsequently demand payment there, and cannot obtain it, he may maintain an action against the maker to recover the amount.

The plea, when such defence is made, to be a good one, must state, that the maker was ready to pay the money at the time and place named ; that he has ever since been ready there to pay the same ; and that he brings the money into Court for the plaintiff. The facts alleged may be put in issue, and must then be established by proof, or the defence must fail.

THIS case came before the Court upon the following report of the Judge of the Middle District Court holden for the county of Kennebec.

" This is an action upon a promissory note, signed by Williamson, as principal, and Lovejoy, as surety, dated 4th September, 1844, payable to the plaintiff or order, for $27,85 at the house of Lovejoy, on the first day of July, 1845, with interest.

" This action was entered August Term, 1845. No demand of payment was made other than the bringing of this action.

" From the last day of June, to the 15th day of July, 1845, Lovejoy had silver money enough to pay this note constantly at his house, placed under the care of his wife, who was constantly at home during that time, and who was authorized and directed and ready to pay the note when presented.

" The money, (amount of principal and interest) was not

placed in the hands of the clerk until the sixth day of this (the third) Term of the Court.

" The plea was pleaded and issue joined on said sixth day of the term after the money was lodged with the clerk.

" The foregoing facts were pleaded. The following questions of law arose in the case : —

" The parties agree, that the Judge shall report them for the decision of the S. J. Court upon the stipulations hereafter named : —

" *Question* 1st. — Upon a note, payable at a specified day at the defendant's house, upon which no demand of payment was ever made. Is it a good defence, in an action against the maker, that at the pay day, he had silver money enough at his house, placed under the care of his wife, (who was at home all the pay day) and who was authorized and directed, and ready to have paid the note, if it had been presented.

" *Question* 2d. — If the above fact would not constitute a good defence, unless the money was brought into Court, would the defence be perfected by the defendants' bringing the money into Court upon the sixth day of the Third Term of the Court, and before plea pleaded and issue joined.

" If either of these questions is decided in the affirmative plaintiff agrees to become nonsuit, with judgment for defendants for costs ; otherwise defendants agree to be defaulted with judgment for plaintiff for amount due on the note with costs.

" In pursuance of said agreement this report of the case is made by —          " Asa Redington, Presiding Judge."

*Bronson,* for the plaintiff, said that it was not necessary that the plaintiff should prove a demand at the time and place, in order to maintain the suit. If the defendants were then and there ready to pay the note, it is for them to show it in defence. Story on Notes, § 28, and note ; 6 Metc. 268.

It is not enough to have silver money there ; it must be such money as is a legal tender, which does not appear.

The plea of tender must allege, that the money has been always ready, or it will be bad. And the money must be brought into Court at the first term, and must always remain

there.   17 Maine R. 49; 1 Barnes, 181; 2 Strange, 1220; 6 Bac. Abr. 464; 1 Strange, 638.

*Vose*, for the defendants, insisted that it was a complete and perfect defence to the action, that the money was ready at the time and place appointed in the note for the payment thereof.

The cases cited for the plaintiff are, where a tender has been made.  Here was no tender, and none was necessary, but the money was ready at the time and place where it was the duty of the plaintiff to call for it.  As no tender was necessary, it was enough to have the money in Court at the time of plea pleaded.  As the money was ready at the time and place of payment, the suit cannot be maintained without a demand first made upon the defendants.   17 Mass. R. 389; 6 Metc. 261; Chitty on Con. 801.

The opinion of the Court was prepared by

Shepley J. — This case is presented upon a report of facts and of certain questions of law, made by the District Judge by virtue of the statute of 1845, c. 172.   A certificate of the clerk of the courts has also been forwarded to the Court, stating certain facts respecting the disposition of the money said to be "placed in the hands of the clerk."   The act requires, that the report of the case should be drawn up with the consent of the parties.  This report states, that it was so drawn up.  The parties thus assent to the facts contained in the report, and to those alone.  They become by agreement the facts, upon which the case is to be decided; and no other facts can be considered by the Court.  The writ and pleadings, unless made a part of the case, cannot be examined for the purpose of influencing the Court, without a departure from the facts, which are by agreement to be the basis of the judgment.

The facts reported are, that the suit was commenced upon a promissory note, made by the defendants on Sept. 4, 1844, payable at the house of the defendant, Lovejoy, on July 1, 1845.   The action was entered August Term, 1845.   No demand for payment was made before the commencement of

the suit. "From the last day of June to the fifteenth day of July, 1845, Lovejoy had silver money enough to pay this note constantly at his house, placed under the care of his wife, who was constantly at home during that time, and who was authorized and directed and ready to pay the note, when presented. The money (amount of principal and interest) was not placed in the hands of the clerk until the sixth day of this, the third, term of the Court. The plea was pleaded and issue joined on said sixth day of the term after the money was lodged with the clerk. The foregoing facts were pleaded." The plea, however, is not made a part of the case and a decision of the questions is not made to depend upon it. The date of the writ is not a fact in the case.

It is not necessary to aver and prove the presentment of a promissory note, at the time and place named therein to enable the plaintiff to maintain his action upon it. *Bacon* v. *Dyer*, 3 Fairf. 19; *Wallace* v. *McConnell*, 13 Peters, 136. If the maker was there prepared to pay it, that is matter in defence, to be pleaded and established by him. If the holder, subsequently to the day named, there demand payment, and do not obtain it, he may maintain an action against the maker, who was ready at the time and place named to make payment. Hence the defence is not perfected by proving such a readiness to pay it, and the first question must be answered in the negative.

The plea in such case, to be a good one, must state, that the maker was ready to pay the money at the time and place named, that he has ever since been ready there to pay the same, and that he brings the money into Court for the plaintiff. Opinions of the Judges in appendix to the case of *Rowe* v. *Young*, 2 Brod. and Bing. 180; *Carley* v. *Vance*, 17 Mass. R. 389. *Wallace* v. *McConnell*, 13 Peters, 136. No separate issue can properly be made or tried to ascertain, whether the money was brought into Court before plea pleaded. The plea containing an averment of readiness at all times subsequently to the day appointed, covers the whole space of time between that day and the time of filing it; and the fact thus

alleged may be put in issue, and must then be established by proof, or the defence must fail.

In this case the facts reported would not establish the truth of such a plea. The statement, that Lovejoy was ready to pay, extends only from the last day of June to the fifteenth day of July, in the year 1845. There is no proof of it from the last named day to the time, when the plea was filed in the month of April, 1846. Something more than the additional fact stated in the second question, was necessary to make the defence perfect; and that question must also be answered in the negative.        *Defendants defaulted.*